**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================
HERSHIE PORGESZ AND MIRIAM PORGESZ
individually and on behalf of all others similarly situated


Plaintiffs,


-against-


GC SERVICES LIMITED PARTNERSHIP


Defendant.

=====================================

**CLASS ACTION COMPLAINT**

*Introduction*

1)      Plaintiffs Hershie Porgesz and Miriam Porgesz files this Complaint seeking redress for the illegal practices of GC Services Limited Partnership, in connection with the collection of a debt allegedly owed by the consumers in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

2)      Plaintiffs are citizens of the State of New York who reside within this District.

3)      Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

-1-

4)      The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt.

5)      Upon information and belief, Defendant's principal place of business is located within Houston, Texas

6)      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7)      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8)      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9)      Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

### *Allegations Particular to Hershie Porgesz and Miriam Porgesz*

10)      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11)      Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiffs' answering machine on numerous occasions.

12)      Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiffs on multiple occasions via telephone and left numerous voice messages in an attempt to collect the alleged obligation.

13)      By way of limited example only, the following is a transcript of one such

message that Defendant left for Plaintiffs on their cellular telephone voicemail system on or about July 25, 2012:

"Hello this message is for Hershie Porgesz; my name is Ms. Rose Mureez; I'm calling from GC Services; important you call me at 8777108001 that's 8777108001 thank you."

14)    By way of limited example only, the following is a transcript of another such message that Defendant left for Plaintiffs on their cellular telephone voicemail system on or about August 4, 2012:

"Hi good morning; this message is for Hershie or Miriam Porgesz; this is Sue Brett; it Saturday; I'll be available till noon; return the call, it's important 9043067418; thank you."

15)    By way of limited example only, the following is a transcript of another such message that Defendant left for Plaintiffs on their cellular telephone voicemail system on or about September 11, 2012:

"Hello this message is for Hershie Porgesz; my name is Jesse Bareman; it's very important you give me a callback at 8777108001; thank you."

16)    By way of limited example only, the following is a transcript of another such message that Defendant left for Plaintiffs on their cellular telephone voicemail system on or about October 4, 2012:

"Hershie Porgesz; this is Jennifer Halvy calling; if you could please give me a call in regards to an urgent or personal business matter; my number is 3148514345 ext. 3049 thank you."

17)     During the said calls, Defendant failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiffs that the call was from a debt collector or that he was attempting to collect a debt.

18)     At the time Plaintiffs received many of the said messages; they did not know the identity of caller.

19)     At the time Plaintiffs received the messages; they did not know that the caller was a debt collector.

20)     At the time Plaintiffs received the messages; they did not know that the call concerned the collection of a debt.

21)     Each of the messages is a "communication" as deemed by 15 U.S.C. § 1692a(2).

22)     Each of the messages was left by persons employed by Defendant as non-attorney debt collectors in connection with the collection of a "debt" as deemed by 15 U.S.C. §1692a(5).

23)     Each of the above messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

24)     Many  of the said messages uniformly failed to provide meaningful identification of the Defendant's legal name.

25)     The only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the messages and speak with a debt collector employed by GC Services Limited

Partnership, and then provide that debt collector with personal information.

26)     The Defendant intended that the messages have the effect of causing Plaintiffs, and least sophisticated consumers to place return calls to the telephone number provided in the messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages.

Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

27)     At all times relevant to this action, GC Services Limited Partnership was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

28)     At all times relevant to this action, GC Services Limited Partnership willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

29)     The Defendant's act of leaving the said messages for Plaintiffs is conduct

the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

30)     The Defendant's act of leaving the said messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

31)     The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer.  By failing to meaningfully identify itself, disclose the purpose of its call and state that GC Services Limited Partnership is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

32)     It is Defendant's policy and practice to  leave telephonic voice messages for consumers and other persons, such as the above said messages, that violate the FDCPA by, inter alia:

(a)     Failing to provide meaningful disclosure of GC Services Limited Partnership's identity;

(b)     Failing to disclose that the call is from a debt collector; and

(c)     Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

33)     Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

34)     Defendant has engaged in a pattern of leaving messages without

-6-

disclosing that the communication is from a debt collector or stating its legal name.

35)     The said telephone messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e,1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

36)     On many occasions within the past year, Defendant GC Services Limited Partnership telephoned the Plaintiffs Hershie Porgesz and Miriam Porgesz and utilized machinery that falsely indicated to the Plaintiffs that the telephone call was coming from someplace within the (914) telephone area code.

37)     When the Defendant telephoned the Plaintiffs, the Plaintiffs' "caller ID" unit falsely indicated that the call was originating from some place within the (914) area code.

38)     The Defendant's representatives were not located within the (914) area code when calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiffs did not meaningfully disclose the Defendant's identity to the Plaintiffs, but instead attempted to deceive the Plaintiffs into believing that the call was coming from someone other than an out-of-state debt collector.

39)     The Defendant's use of this machinery was deceptive in that the Defendant does not reside or have offices within the (914) area code.

40)     The Defendant's actions violate 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14) 1692d, 1692d(6) and 1692f.

(See also FTC v. EMC Mortgage Corp. et. al. (USDC-EDTX –Sept. 9, 2008 "…in numerous instances, EMC has made collection calls using cell phones that display only

the borrower's local area code on the borrower's caller identification display ("caller ID"), and without identifying its name on the caller ID. EMC has used cell phones and caller ID in this fashion notwithstanding that EMC was not calling from the borrower's local area code. -- See also The 2008 FTC Workshop Report "Debt collectors who convey false or misleading information (either telephone numbers) to consumers through Caller ID violate the FDCPA and Section 5 of the FTC Act. Prior private actions indicate that a debt collector who makes a false or misleading representation in this context violates the FDCPA. The Commission has affirmed that this practice violates both the FDCPA and Section 5.")

41)     The Defendant's automatic telephone dialer system contains a function that projects a false caller ID number onto the caller's Caller ID unit.

42)     The Defendant utilized this dialer function and projected a false caller ID number onto the Plaintiffs' Caller ID display.

43)     The number projected began with a (914) area code and was projected by Defendant's dialer to give the Plaintiffs the false impression that the Defendant was located physically close to the Plaintiffs.

44)     Upon information and belief, Defendant GC Services Limited Partnership used its Dialer to dial Plaintiffs' wireless phone number for each of those calls.

45)     GC Services Limited Partnership manipulated the caller ID for these calls and calls that were dialed manually.

46)     For some of the calls, GC Services Limited Partnership manipulated the caller ID so that it showed that the call was coming from New York.

-8-

47)     For each of these calls, the second line of the caller ID indicated that the calls were coming from the (914) area code, which is a local area code.

48)     Upon information and belief, GC Services Limited Partnership does not have any offices within the geographical (914) area code.

49)     Upon information and belief, GC Services Limited Partnership does not have any dialer located in New York.

50)     The said communication is unlawful under the FDCPA and in direct violation of *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006).

51)     Said practice is in violation of the FDCPA based upon the following case law.

In addition, 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

52)     Defendant's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and Defendant was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11).

Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009),

Ramirez v. Apex Fin. Mgt., LLC,567 F. Supp. 2d 1035 (N.D. III.2008), Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006), Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005), Joseph v. J. J. MacIntyre Cos., 281 F.Supp.2d 1156 (N.D.Cal. 2003), Leyse v. Corporate Collection Servs., 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18,2006), Stinson v. Asset Acceptance, LLC, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006), Belin v. Litton Loan Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

53)     Misrepresentations to the recipient of a debt collection call in connection with collection of a debt, violates numerous sections of the FDCPA, including section 1692e.

54)     Some, or all, of the Defendant's voice messages for Plaintiffs did not make a meaningful disclosure of the caller's identity.

55)     Manipulating the caller ID for collection calls is a violation of 15 U.S.C. §1692e.

56)     The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

### *CLASS ALLEGATIONS*

57)     This action is brought as a class action. Plaintiffs bring this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58)     The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

59)     Excluded from the Plaintiffs' Class are the Defendants and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

60)     There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

61)     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

62)     The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

63)     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiffs are informed and believe, and on that basis alleges, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members.  Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)      **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

64)     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiffs, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

65)     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66)     Depending on the outcome of further investigation and discovery,

Plaintiffss  may, at the time of class certification motion, seek to certify one or more

classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves*
*and the members of a class, as against the Defendant.*

67)     Plaintiffs re-state, re-allege, and incorporate herein by reference,

paragraphs one (1) through sixty six (66) as if set forth fully in this cause of action.

68)     This cause of action is brought on behalf of Plaintiffs and the members of

two classes.

69)     Class A consists of all persons whom Defendant's records reflect resided

within the State of New York who received telephonic messages from Defendant within

one year prior to the date of the within complaint up to and including the date of the

filing of this Complaint; (a) involving telephone messages which were placed without

setting forth that the communication was from a debt collector and without stating the

Defendant's legal name; and (b) that the telephone messages were in violation of 15

U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11).

70)     Class B consists of all persons whom Defendant's records reflect resided

in the State of New York and who received telephonic messages from Defendant's

representatives within one year prior to the date of the within complaint up to the date

of the filing of the complaint; and (a) the telephone messages were placed to a

consumer seeking payment of a consumer debt; and (b) that the telephone messages

were in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14) 1692d, 1692d(6) and 1692f, for caller ID manipulation.

71)    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)    Being that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The   principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)    The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)    The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)    The Plaintiffs will fairly and adequately represent the class members' interests.  The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

72)     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

73)     If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

74)     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

75)     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

76)     The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiffs and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the Defendant and award damages as follows:

(a)          Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

-16-

and

(b)         Attorney fees, litigation expenses and costs incurred in bringing

this action; and

(c)         Any other relief that this Court deems appropriate and just under

the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

***Violations of New York General Business Law § 349 brought by Plaintiffs
on behalf of themselves and the members of a class, as against the Defendant.***

77)     Plaintiffs hereby restate, reallege, and incorporate herein by reference all

foregoing relevant paragraphs as if set forth fully in this cause of action.

78)     Under New York General Business Law § 349, deceptive acts or

practices in the conduct of any business conducted in the State of New York are

unlawful.

GBL § 349 provides in relevant part as follows:

A. Deceptive acts or practices in the conduct of any business, trade or

commerce or in the furnishing of any service in this state are hereby declared unlawful.

H. In addition to the right of action granted to the attorney general pursuant to

this section, any person who has been injured by reason of any violation of this section

may bring an action in his own name to enjoin such unlawful act or practice, an action

to recover his actual damages or fifty dollars, whichever is greater, or both such

actions.  The court may, in its discretion, increase the award of damages to an amount

not to exceed three times the actual damages up to one thousand dollars, if the court

finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiffs.

79)     Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that the Defendant GC Services Limited Partnership utilized machinery that falsely indicated to the Plaintiffs that the telephone call was coming from someplace within the (914) telephone area code.

80)     When the Defendant telephoned the Plaintiffs, the Plaintiffs' "caller ID" unit falsely indicated that the call was originating from some place within the (914) area code.

81)     The Defendant's representatives were not located within the (914) area code when calling.

82)     The "caller ID" message that Defendant caused to be transmitted to Plaintiffs did not meaningfully disclose the Defendant's identity to the Plaintiffs, but instead attempted to deceive the Plaintiffs into believing that the call was coming from someone other than an out-of-state debt collector.

83)     Defendant is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year.

84)     As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

85)     The Defendant's actions violated the Plaintiffs' rights and caused the Plaintiffs damage in the form of invasion of the Plaintiffs' privacy and acting unfairly and deceptively towards Plaintiffs.

86)     The Plaintiffs request that the Court issue an injunction prohibiting the Defendant from telephoning the Plaintiffs and New York consumers, and causing deceptive information to appear on the Plaintiffs caller ID unit.

87)     By unlawfully pretending that Defendant was in a (914) area code when calling, Defendant has committed materially misleading unfair and deceptive consumer-oriented acts that have caused Plaintiffs to suffer actual injury in the form of emotional distress.

88)     Upon information and belief, Defendant regularly utilize deceptive practices as described above in an attempt to collect consumer debts.

89)     Defendant's actions have a broad impact on New York consumers at large.

90)     As a direct and proximate result of Defendant's deceptive acts and practices, committed in willful and knowing violation of GBL § 349, Plaintiffs were damaged in that they, among other things, suffered stress and anxiety as a result of Defendant's deceptive collection practices.

91)     Defendant is liable to Plaintiffs for violations of GBL § 349.

92)     This cause of action is brought on behalf of plaintiff and the members of a class.

93)     The Class consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message or that an attempt was made to contact the class member where the caller ID was manipulated in a deceptive fashion from Defendant within one year prior to the date of the within complaint up to

the date of the filing of the complaint; and that Plaintiffs assert that the telephone message or attempt was in violation of GBL § 349.

94)     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C)     The only individual issue is the identification of the consumers who received the telephone calls, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

(D)     The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

95)     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

96)     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

97)     Because the Defendant violated GBL § 349, the Plaintiffs and the members of the class are entitled to damages in accordance with the said provision.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and on behalf of the members of the class, and against the Defendant and award damages as follows:

Damages; Attorney fees, litigation expenses and costs incurred in bringing this action; And any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       July 24, 2013

                              /s/ David Palace
                              **Law Offices of David Palace** (DP 3855)
                              383 Kingston Ave.  #113
                              Brooklyn, New York 11213
                              Telephone: 347-651-1077
                              Facsimile: 347-464-0012

-21-

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

/s/ David Palace
David Palace esq. (DP 3855)